a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GAPIROV ABDIMALIKKHUZHA<br>#A249-277-144,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00261<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| U S IMMIGRATION & CUSTOMS<br>ENFORCEMENT,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Gapirov Abdimalikkhuzha ("Abdimalikkhuzha"). Abdimalikkhuzha is an immigration detainee at the River Correctional Central in Ferriday, Louisiana. He challenges the legality of his continued detention.

To determine whether Abdimalikkhuzha may be entitled to relief, he must AMEND the Petition.

I. Background

Abdimalikkhuzha provides no information regarding his citizenship but alleges that he was ordered removed on May 21, 2024. ECF No. 1 at 5. Abdimalikkhuzha's appeal was dismissed on August 16, 2024. *Id.* at 2. He argues that he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained for a "prolonged period." *Id.* at 6.

II.   <u>Law and Analysis</u>

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Abdimalikkhuzha has not alleged that his removal is unlikely to occur in the reasonably foreseeable future. Nor does he provide evidence of any impediments to his deportation. *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements). When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*. *See Andrade,* 459 F.3d at 543-44.

Abdimalikkhuzha must amend his Petition to identify the country to which he was ordered removed and allege why his removal is unlikely to occur in the reasonably foreseeable future. He should also state what efforts he has made to assist

in his removal. Abdimalikkhuzha is further instructed to provide any documentation to support his claim.

### III. Conclusion

Because additional information is required to support Abdimalikkhuzha's Petition, IT IS ORDERED that he AMEND within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Wednesday, April 23, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE